(Cuyahoga County, Ohio, Court of Common Pleas.)

### E. L. HESSENMUELLER v. JANE MULROONEY ET AL.

*Release of dower by electing to take under will.*

1. The release of dower by election to take under the will, is intended to be a release of the dower interest to the heirs at law or those entitled to inherit, and not as a means of conveyance to strangers.

*Same—What not valid release as against widow's creditors.*

2. A widow, to whom her husband by will had left all his property, designating her as executrix, and who had qualified as such, sold by proper proceedings, real estate of her husband's estate to pay his debts, without having elected to take under the will instead of under the law, the entry of the confirmation of the sale in the probate court continuing the case as to assignment of dower. Shortly after the confirmation of the sa'e, at the solicitation of the purchaser, and without any consideration or compensation therefor, she appeared in the probate court and formally declared her election to take under the will. Afterwards an action was instituted by a creditor who had obtained a judgment against such widow for a debt contracted by her after her husband's death to subject her dower in such real estate to the payment of his judgment. Held, that the election to take under the will so made by her, without compensation, did not affect her right of dower in such real property as to such creditor.

(Decided December 19, 1896.)

ONG, J.

This is an action in equity to subject the dower interest of Jane Mulrooney in the lands described in the petition to the payment of the plaintiff's claim or judgment. The facts charged in the petition are substantially as follows: On the 26th day of December, 1894, the plaintiff obtained a judgment against the defendant, Jane Mulrooney, for the sum of $1,451.45 and costs; which judgment is unpaid, unreversed, and in full force in law; execution issued, and returned, "no property whereon to levy." It is further averred that the defendant, Jane Mulrooney, is the widow of George Mulrooney, deceased, who died on the 6th of May, 1891, seized and possessed of the real estate described in the petition. It is further charged that on the 20th day of June, 1891, the real estate was sold under proceedings in the probate court, to pay debts of the decedent; and that the same was sold subject to the dower of the defendant, Jane Mulrooney; that she in no manner ever conveyed or waived her right of dower; neither was the same ever assigned by metes and bounds, or she compensated for the same in money.

Further, it is charged that the defendant, William Snearer, is now the owner of the property subject to the dower interest of Jane Mulrooney. The plaintiff, by his petition filed as a creditors' bill, asks that the dower be assigned in the premises, and that it may be subjected to the payment of his claim, and other relief. To this petition and claim, the defendant, Snearer answers, admits the recovery of the judgment, the return of the execution, the widowhood of Jane Mulrooney, and that George Mulrooney died

seized of the premises described in the petition; but he says as a defense that George Mulrooney left a will and gave to his widow all his property, subject only to the payment of his debts; that Jane Mulrooney was the executrix named in the will, that the will was duly probated, and she accepted and acted in the capacity of executrix. The defendant further says that Jane Mulrooney elected to take under the will, but that no minute of such election was ever made by the probate court; that on the 18th day of June, 1891, the executrix commenced a proceeding in the probate court to sell the real estate described in the petition, making herself individually, and E. J. Weil, defendants; that her petition contained the averment: "That George Mulrooney died leaving Jane Mulrooney a widow, who has elected to take under the terms of the will of said George Mulrooney." Further, on the 18th day of June, 1891, the probate court found the facts alleged in the petition to be true, and ordered the premises sold; that the property was appraised at $5000.00, and that he paid that price for the same to Jane Mulrooney, and that such sale was by the probate court, on the 20th day of June, affirmed, all with the knowledge and consent of Jane Mulrooney. There are many other averments in the second defense, but are conclusions of law, so that I will not stop to quote them. The third defense is, that Jane Mulrooney, on the 8th day of July, 1891, appeared in the probate court and duly elected to take under the will of George Mulrooney, deceased, and that her election was duly recorded by the probate court, and the defendant says he is not liable to the plaintiff, nor is the property so purchased by him; and he asks that he may go hence and recover his costs.

No answer is filed by Jane Mulrooney; in fact, she died pending this action; but under the Code the action does not abate. To this answer a reply was filed by the plaintiff denying in effect all the allegations of the answer as set forth in the second and third defenses. Such are the issues by the pleadings of the parties.

I find from the testimony in this case, the following facts, in addition to those admitted by the pleadings:

First.—Jane Mulrooney did file her petition as executrix to sell the real estate described in the petition.

Second.—Jane Mulrooney, although a defendant, did not answer in said action either waiving or consenting to take her dower interest in money.

Third.—She never did receive any compensation for the same.

Fourth.—That after the sale of the property to the answering defendant herein, to-wit: On the 20th day of June, 1891, two days after the petition was by her filed to sell, the probate court affirmed the sale and entered on its record the following: "And as to assignment of dower, this cause is continued until further order."

Fifth.—That after the sale of the property and the confirmation of the same, and conveyance to the defendant herein, to-wit: On July 8th, 1891, at the solicitation of the defendant, Snearer, and his attorney, Jane Mulrooney appeared in the probate court and had her election to take under the will of her husband duly recorded as provided by statute, the same being within the year, as is also provided by statute. On the facts admitted and thus found, is the plaintiff entitled to the relief sought?

Jane Mulrooney was entitled to a dower interest in the premises described; and while thus entitled to dower in her husband's lands, and after the same became absolute by the death of her husband, she contracted the debt upon which judgment was rendered against her in favor of the plaintiff in the proceeding to sell the real estate described. She did not answer or in any way of record waive her dower interest in the

same; but at the termination of the proceedings had the cause continued as to the assignment of her dower in the premises described and sold; so as that, in law, and under our statutes, the property was appraised and sold subject to her dower interest. That being true, did she ever divest herself of the same, and if so, how? The only deed ever made by her was in her trust capacity. I nowhere find any acts on her part that in law or fact amount to a conveyance or waiver of her dower interest, unless it be in the fact that on July 8th, 1891, some thirty days after the sale of the land to this answering defendant, she appeared in the probate court at his solicitation, and elected to take under the will of her husband, although still vested with such right, so far as the court is advised. She made such election, and thus undertook to release to this defendant a valuable interest in the premises, without compensation or reward. What is an election? And in the case of taking under a will, when and for what purpose made by the widow? Section 5964, provides: "The election of the widow or widower to take under the will shall be made in person, in the probate court of the proper county, except as hereinafter provided; and on the application by a widow or widower to take under the will, it shall be the duty of the court to explain the provisions of the will, the rights under it and by law in the event of a refusal to take under the will. The election of the widow or widower to take under the will shall be entered upon the minutes of the court; and if the widow or widower shall fail to make such election, the widow or widower shall retain the dower, and such share of the personal estate of the deceased consort as the widow or widower would be entitled to by law in case the deceased consort had died intestate, leaving children."

Manifestly it is the choice of the widow, or the right vested in her, to choose under which she will take, the will or the law; the law vesting her with certain rights, and the will tendering to her certain rights in lieu thereof. She cannot claim under both, unless the will so provides. Why elect? For the sole purpose of fixing and enabling the proper tribunal to administer the estate. If she takes under the will, then a different course is pursued in settling the estate than where she takes under the law. Hence the necessity of such an election; and while sec. 5963 provides for one year in which the election must take place, it provides for notice to the widow forthwith by the probate judge to appear and elect.

In the case at bar there is no proof or record of the widow ever receiving one dollar by order of the court or otherwise in lieu of her dower. The presumption of law is, that she received the citation provided for by law; hence the sale of the property was made subject to her dower; for no affirmative act was ever performed by her that would divest or convey her dower interest. The election she made after the sale of the property in the judgment of the court was not such an election as is intended and provided for by the statutes, but was clearly an attempt on her part, at the solicitation of the answering defendant, to release him, without compensation or conveyance, as against her creditors, her vested right in the property. The release of dower by election to take under the will, is intended to be a release of the dower interest to the heirs at law or those entitled to inherit, and not as a means of conveyance to strangers. Hence, the court holds that the election made did not release or convey to this answering defendant her vested right of dower; that the plaintiff is entitled to recover from the defendant at the rate of $600.00 rental per year from the filing of the petition in this cause, to-wit, December 27, 1894.

Order, see journal.

*Hessenmueller & Bemis*, for Plaintiffs.

*Frank Higley*, for Defendant.